OPINION AND ORDER AFTER HEARING

ANGELA SHERIGAN, Judge.
The Court being advised in the premises, after a hearing on Petitioner’s Request for a Stay of the Certification of the Election, in which all parties were present, the Court finds that:
Petitioner has filed a petition for Injunc-tive Relief regarding various issues including allegations of impropriety, and has asked for a Stay of the certification of the election, and a new election to be conducted.
*296 The Tribal Court has authority to hear allegations of impropriety of the Election Board and Election Board Members under Article IX Section 4(d) of the Constitution.
The burden on the moving party who wishes to stay an election, must be high. The standard required for an injunction is as follows:
(1) whether the movant has a strong likelihood of success on the merits;
(2) whether the movant would otherwise suffer irreparable injury;
(3) whether the issuance of a preliminary injunction would cause substantial harm to others; and
(4) whether the public interest would be served by issuance of a preliminary injunction.
Each one of these factors must be proven. If one factor is not proven, the request for the injunction must fail.
Petitioner has not met the four factors required for an issuance of a stay.
The Court next looks at whether or not the Petitioner has 1) shown that there was an impropriety, and 2) that the impropriety affected the outcome of the election.
Petitioner has met the burden as to factor 1 in this analysis, but has failed to meet factor 2. However, Petitioner has asked this Court to consider the ruling in Bailey v. Grand Traverse Bands of Ottawa and Chippewa Indians Election Board, Case No.2008-1031-CV-CV, By the Tribal Judiciary En Banc.
In that case, the court stated that while the Plaintiff did not show by clear and convincing evidence that the impropriety, (or violation of the regulations) affected the outcome of the election, which would normally be fatal to the Plaintiff, the unique facts and circumstances of the case, under fundamental fairness, could not be ignored or excused, and that it required a remedy.
This Court finds the impropriety here is so egregious and the unique facts and circumstances in this case, the impropriety cannot be ignored or excused. The Petitioner will be allowed to move to an evi-dentiary hearing to further explore this issue.
THEREFORE, IT IS HEREBY ORDERED:
The seat of Tribal Counsel, Outlying, is TEMPORARILY STAYED FROM BEING CERTIFIED, until the Evidentiary Hearing in this matter.
All other positions/seats in the Election shall be certified, pending resolution of any election challenges.
The evidentiary hearing in this matter shall be Thursday May 21, 2009 at 1:00 p.m.